CLEVELAND BAR ASSOCIATION *v.* KIRSH.

[Cite as *Cleveland Bar Assn. v. Kirsh,*
105 Ohio St.3d 435, 2005-Ohio-2589.]

(No. 2004–1823—Submitted January 19, 2005—Decided June 8, 2005.)

**Per Curiam.**

{¶ 1} Respondent, S. Martin Kirsh, of Cleveland, Ohio, Attorney Registration No. 0007868, was admitted to the practice of law in Ohio in 1961. For nearly 40 years, he practiced without known incident. Then, in 2000, the first of five grievances was filed against respondent. Eventually, on April 14, 2003, relator, Cleveland Bar Association, filed a complaint charging respondent with violating the Code of Professional Responsibility while representing five different clients.

{¶ 2} On three occasions, involving child-support, bankruptcy, and paternity actions, respondent accepted retainers and/or filing fees but never filed suit on behalf of his clients. Respondent similarly failed to file suit for a fourth client in a medical-malpractice action. Respondent was retained by a fifth client to resolve a personal-injury claim against the local transit authority. It is unclear what steps, if any, respondent took on his client's behalf. At one point, respondent told his client that he and the transit authority were discussing settlement, but his client heard nothing further.

{¶ 3} In each case, his clients were eventually unable to contact him, despite repeated attempts. Their attempts ultimately culminated in the discovery that respondent had closed his law office, unbeknownst to any of his clients. Respondent's whereabouts since that time remain unknown.

{¶ 4} Respondent did not answer the complaint, nor has he responded to or otherwise communicated with the relator or any other party relevant to this action since its inception. Extraordinary measures have been taken to locate respondent without success, and notice of this proceeding was ultimately served through the clerk of the Supreme Court of Ohio pursuant to Gov.Bar R. V(11)(B). On October 3, 2003, relator moved the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio for a default judgment. The board, in turn, referred the matter to a master commissioner. The master commissioner found that respondent had committed the misconduct alleged. As to all five clients, the master commissioner found violations of DR 6–101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of his clients), 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment), and 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage a client).

{¶ 5} As to the medical-malpractice and personal-injury clients, the master commissioner also found violations of DR–102(A)(4) (a lawyer shall not engage in dishonesty, fraud, deceit, or misrepresentation). In the child-support matter, the master commissioner found a violation of 9–102(B)(4) (a lawyer shall promptly pay or deliver to client funds in the lawyer's possession that the client is entitled to receive). Finally, the master commissioner found violations of Gov.Bar R. VI(1)(D) (a lawyer shall register a current residence and office address with the Supreme Court of Ohio) and Gov.Bar R. V(4)(G) (a lawyer shall cooperate in disciplinary investigations).

{¶ 6} In his review, the master commissioner found no mitigating factors. Respondent's failure to reply or otherwise cooperate with the investigation was determined to be a serious aggravating factor. The master commissioner also noted that in each case, the client suffered a loss either through money paid to respondent and not refunded or through the loss of a cause of action that as a result of respondent's misconduct is now permanently barred.

{¶ 7} The master commissioner, upon thorough consideration, rejected as too stringent relator's proposed sanction of permanent disbarment. While respondent's misconduct was very serious, the master commissioner balanced it against the number of years that respondent had practiced without apparent disciplinary problems and observed that that history was "in conflict with the conduct herein discussed." The master commissioner was also troubled by the fact that no one

knew what had happened to respondent. For those reasons, the master commissioner recommended an indefinite suspension.

{¶ 8} The board adopted the findings of fact, conclusions of law, and recommendation of the master commissioner, with the additional recommendation that the cost of the proceedings be taxed to respondent. We, in turn, adopt in full the board's report and recommendation. Given the unusual circumstances of this case, we agree with the board that the finality of disbarment is inappropriate. Respondent's decades of practice without incident stand in sharp contrast to his unexplained exit from public and private life. While an indefinite suspension will adequately protect the public by remaining in effect until respondent affirmatively seeks reinstatement, it would also give respondent the opportunity to explain the events germane to this matter should communication ever be reestablished.

{¶ 9} Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Robert J. Hanna and Heather C. Logan, for relator.